UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ERIC TRAVERS, MICHAEL BOUDREAU, JOSEPH COLELLA, CLIFFORD ARPINO, MICHAEL MARINI, and ROCCO MARINI, Plaintiffs<br><br>v.<br><br>CITY OF NEWTON, MASSACHUSETTS, and DAVID B. COHEN, In his capacity as Mayor of the City of Newton, Massachusetts, Defendants | Civil Action No. 04-12635 RWZ |

MAGISTRATE JUDGE Dein

RECEIPT # _____
AMOUNT $ _____
SUMMONS ISSUED _____
LOCAL RULE 4.1 _____
WAIVER FORM _____
MCF ISSUED _____
BY DPTY. CLK. _____
DATE 12/16/04

**COMPLAINT, PRELIMINARY AND PERMANENT INJUNCTIVE RELIEF REQUESTED, AND JURY DEMAND**

I.  **INTRODUCTION.**

1.  This is an action for injunctive and compensatory relief challenging the defendants' unconstitutional system for determining which individuals are hired for entry-level fire fighter positions on the Newton Fire Department. During the last two years, the City has hired approximately 32 fire fighters. The plaintiffs would have been reached for selection but for the fact that the defendants utilized a quota system based on race to determine entry-level hiring. Such a system is not constitutionally permissible. The plaintiffs therefore seek injunctive relief ordering their hiring (after passing all mandatory qualification tests), and appropriate compensatory relief.

1

## II. JURISDICTION.

2. The jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§1331 and 1343 in that this claim arises under the Equal Protection clause of the Fourteenth Amendment to the United States Constitution.[1]

## III. PARTIES.

3. The plaintiffs were, at all times relevant hereto, adult residents of the City of Newton, Massachusetts. Each has had a lifelong goal of being a Newton fire fighter and each has the requisite skills and experience to perform the duties of fire fighter in the City of Newton. All of the plaintiffs are Caucasian.

4. The defendant City of Newton is a duly incorporated municipality of the Commonwealth of Massachusetts, and it maintains a fire department.

5. The defendant David B. Cohen is the Mayor of the City of Newton and in that capacity is responsible for the overall operation and administration of the City of Newton.

## IV. STATEMENT OF FACTS RELATING TO THE NON-SELECTION OF PLAINTIFFS.

6. In or about 2001, the plaintiffs all took the Massachusetts Civil Service examination for the position of fire fighter in the City of Newton Fire Department. The plaintiffs all received scores of between 89 and 95, out of a total of 100. As a result of their civil service scores, the plaintiffs were ranked on the civil service list in order of their civil service examination score.

---

[1] There is also federal jurisdiction pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000(e), however that claim is yet to be perfected. Plaintiff will move to amend this complaint to add that claim and his Chapter 151B, § 4 claim, as soon as a proper exhaustion has taken place.

7. Beginning in 2002, and continuing until the fall of 2004, the City of Newton hired approximately 32 new fire fighters from the civil service list described above. None of the plaintiffs were reached for hire.

8. During the several rounds of hiring that took place between 2002 and the fall of 2004, the defendants utilized a system of hiring in which one minority (a black or Hispanic) was automatically grouped with every three Caucasians reached for selection, regardless of that individual's civil service score or ranking. As a result, eight minority candidates were selected for hire, whose examination scores were below the plaintiffs.

9. Under the civil service statute, M.G.L. ch.31, the plaintiffs should have been reached for selection before the eight minorities hired for such positions.

10. On information and belief, the reason that the defendants hired one minority for every three Caucasians is that it still considers itself bound to do so by a federal court consent decree arising out of Castro v. Beecher, 371 F.Supp. 507 (1974) and NAACP v. Beecher, 504 F.2d 1017 (1st Cir. 1975).

11. Pursuant to such decree, the City of Newton was required to select fire fighter candidates for hire from a civil service list which ranked one minority with every three Caucasians, such that every fourth individual reached was a minority candidate. Such hiring was to continue until such time as the number of minority fire fighters in the Newton Fire Department approximated the number of minorities in the City of Newton.

12. On information and belief, by 2001, the City of Newton had long since achieved a complement of minority fire fighters in the Fire Department which was greater than the percentage of minorities residing in the City of Newton.

3

13. Accordingly, by 2001, no lawful reason existed for the City of Newton to continue to make hiring decisions utilizing a race-based one to three selection formula.

## COUNT I

(42 U.S.C. §1983 – Fourteenth Amendment)

14. The action of the defendants as set forth above in making numerous hiring decisions based on a system which makes race a determinative factor in hiring, and which reserves a specific number of slots for minorities despite their test scores and qualifications, violates plaintiffs' rights to the equal protection of the laws as guaranteed by the Fourteenth Amendment to the United States Constitution. This claim is asserted pursuant to 42 U.S.C. §1983.

## JURY DEMAND

The plaintiffs request a trial by jury on all of their claims.

WHEREFORE, plaintiffs pray this Honorable Court to:

1. Issue a preliminary and permanent injunction forbidding defendants from utilizing an unlawful and unconstitutional selection process which makes race a determinative factor in hiring;

2. Order defendants to hire the plaintiffs forthwith with retroactive seniority and back pay; and

3.  Award plaintiffs compensatory relief, back and front pay, and other appropriate damages, along with attorney's fees and costs.

Respectfully submitted,

ERIC TRAVERS, MICHAEL BOUDREAU,
JOSEPH COLELLA, CLIFFORD ARPINO,
MICHAEL MARINI, and ROCCO MARINI,
By their attorneys,

Dated: December 16, 2004

_____
Harold L. Lichten, BBO #549689
Pyle, Rome, Lichten, Ehrenberg
 & Liss-Riordan, P.C.
18 Tremont St., Ste. 500
Boston, MA 02108
(617) 367-7200

5

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

1. TITLE OF CASE (NAME OF FIRST PARTY ON EACH SIDE ONLY) Eric Travers, et al. v. City of Newton, Massachusetts, et al.

2. CATEGORY IN WHICH THE CASE BELONGS BASED UPON THE NUMBERED NATURE OF SUIT CODE LISTED ON THE CIVIL COVER SHEET. (SEE LOCAL RULE 40.1(A)(1)).

   __ I.   160, 410, 470, R.23, REGARDLESS OF NATURE OF SUIT.

   XX II.  195, 368, 400, 440, 441-444, 540, 550, 555, 625, 710, 720, 730, 740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950.

   *Also complete AO 120 or AO 121 for patent, trademark or copyright cases

   __ III. 110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310, 315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371, 380, 385, 450, 891.

   __ IV.  220, 422, 423, 430, 460, 510, 530, 610, 620, 630, 640, 650, 660, 690, 810, 861-865, 870, 871, 875, 900.

   __ V.   150, 152, 153.

3. TITLE AND NUMBER, IF ANY, OF RELATED CASES. (SEE LOCAL RULE 40.1(G)). IF MORE THAN ONE PRIOR RELATED CASE HAS BEEN FILED IN THIS DISTRICT PLEASE INDICATE THE TITLE AND NUMBER OF THE FIRST FILED CASE IN THIS COURT.
   N/A

4. HAS A PRIOR ACTION BETWEEN THE SAME PARTIES AND BASED ON THE SAME CLAIM EVER BEEN FILED IN THIS COURT?
                                                            YES    (NO)

5. DOES THE COMPLAINT IN THIS CASE QUESTION THE CONSTITUTIONALITY OF AN ACT OF CONGRESS AFFECTING THE PUBLIC INTEREST?   (SEE 28 USC §2403)
                                                            YES    (NO)
   IF SO, IS THE U.S.A. OR AN OFFICER, AGENT OR EMPLOYEE OF THE U.S. A PARTY?
                                                            YES     NO

6. IS THIS CASE REQUIRED TO BE HEARD AND DETERMINED BY A DISTRICT COURT OF THREE JUDGES PURSUANT TO TITLE 28 USC §2284?
                                                            YES    (NO)

7. DO ALL OF THE PARTIES IN THIS ACTION, EXCLUDING GOVERNMENTAL AGENCIES OF THE UNITED STATES AND THE COMMONWEALTH OF MASSACHUSETTS ("GOVERNMENTAL AGENCIES"), RESIDING IN MASSACHUSETTS RESIDE IN THE SAME DIVISION? - (SEE LOCAL RULE 40.1(D)).
                                                            (YES)    NO

   A. IF YES, IN WHICH DIVISION DO ALL OF THE NON-GOVERNMENTAL PARTIES RESIDE?
      (EASTERN DIVISION)        CENTRAL DIVISION        WESTERN DIVISION

   B. IF NO, IN WHICH DIVISION DO THE MAJORITY OF THE PLAINTIFFS OR THE ONLY PARTIES, EXCLUDING GOVERNMENTAL AGENCIES, RESIDING IN MASSACHUSETTS RESIDE?
      EASTERN DIVISION          CENTRAL DIVISION        WESTERN DIVISION

(PLEASE TYPE OR PRINT)
ATTORNEY'S NAME   Harold L. Lichten
ADDRESS   Pyle, Rome, Lichten, Ehrenberg & Liss-Riordan, 18 Tremont St., Ste. 500, Boston
TELEPHONE NO.   (617) 367-7200                                                    MA 02108

(Cover sheet local.wpd - 11/27/00)

JS 44 (Rev. 3/99)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**I. (a) PLAINTIFFS**
Eric Travers, Michael Boudreau, Joseph Colella, Clifford Arpino, Michael Marini, and Rocco Marini

**DEFENDANTS**
City of Newton, Massachusetts and David B. Cohen, in his capacity as Mayor of the City of Newton, Massachusetts

(b) County of Residence of First Listed Plaintiff: Middlesex
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed: Middlesex
(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)
Harold L. Lichten
Pyle, Rome, Lichten, Ehrenberg & Liss-Riordan
18 Tremont St., Ste. 500
Boston, MA 02108   (617) 367-7200

Attorneys (If Known)

**II. BASIS OF JURISDICTION** (Place an "X" in One Box Only)
- ☐ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. NATURE OF SUIT** (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 620 Other Food & Drug | | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC | ☐ 423 Withdrawal 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 630 Liquor Laws | | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 640 R.R. & Truck | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| ☐ Medicare Act | ☐ 340 Marine | ☐ 650 Airline Regs. | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 660 Occupational Safety/Health | ☐ 830 Patent | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 690 Other | ☐ 840 Trademark | ☐ 850 Securities/Commodities/Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | **LABOR** | **SOCIAL SECURITY** | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 892 Economic Stabilization Act |
| | **PERSONAL INJURY** | | ☐ 863 DIWC/DIWW (405(g)) | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | ☐ 362 Personal Injury— Med. Malpractice | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 864 SSID Title XVI | ☐ 894 Energy Allocation Act |
| ☐ 210 Land Condemnation | ☐ 365 Personal Injury— Product Liability | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information Act |
| ☐ 220 Foreclosure | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 230 Rent Lease & Ejectment | **PERSONAL PROPERTY** | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 950 Constitutionality of State Statutes |
| ☐ 240 Torts to Land | ☐ 370 Other Fraud | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 890 Other Statutory Actions |
| ☐ 245 Tort Product Liability | ☐ 371 Truth in Lending | | | |
| ☐ 290 All Other Real Property | ☐ 380 Other Personal Property Damage | | | |
| | ☐ 385 Property Damage Product Liability | | | |
| | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | |
| | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence Habeas Corpus: | | |
| | ☒ 442 Employment | ☐ 530 General | | |
| | ☐ 443 Housing/Accommodations | ☐ 535 Death Penalty | | |
| | ☐ 444 Welfare | ☐ 540 Mandamus & Other | | |
| | ☐ 440 Other Civil Rights | ☐ 550 Civil Rights | | |
| | | ☐ 555 Prison Condition | | |

**V. ORIGIN** (PLACE AN "X" IN ONE BOX ONLY)
- ☒ Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write brief statement of cause. Do not cite jurisdictional statutes unless diversity.)

Fourteenth Amendment to the United States Constitution

**VII. REQUESTED IN COMPLAINT:**
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

**VIII. RELATED CASE(S) IF ANY** (See instructions):
JUDGE
DOCKET NUMBER

DATE: 12/16/04
SIGNATURE OF ATTORNEY OF RECORD

FOR OFFICE USE ONLY
RECEIPT #_____ AMOUNT_____ APPLYING IFP_____ JUDGE_____ MAG. JUDGE_____