UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

ERIC TRAVERS, MICHAEL BOUDREAU, )
JOSEPH COLELLA, CLIFFORD ARPINO, )
MICHAEL MARINI, and ROCCO MARINI, )
)
    Plaintiffs ) CIVIL ACTION NO. 04-12635-RWZ
)
v. )
)
CITY OF NEWTON, MASSACHUSETTS )
and DAVID B. COHEN,  in his capacity as )
Mayor of the City of Newton, Massachusetts; )
)
    Defendants )
)

## ANSWER TO PLAINTIFFS' COMPLAINT and JURY DEMAND FILED BY CITY OF NEWTON

    Now come the defendants City of Newton and Mayor David B. Cohen (named in his official capacity only) (hereafter, "City") and answer the plaintiffs' complaint as follows:

I.    INTRODUCTION

    1.    The introduction is a summary of plaintiffs' claims and legal analysis requiring neither admittance or denial.  To the extent that the allegations contained therein are deemed to be factual allegations requiring a response, the City denies the allegations contained therein.

II.    JURISDICTION

    2.    Paragraph two contains a statement of law to which no response is necessary.

III.    PARTIES

    3.    The City lacks sufficient information to admit or deny the allegations contained in paragraph three.

    4.    Admitted.

5.   Admitted.

IV.  STATEMENT OF FACTS RELATING TO THE NON-SELECTION OF THE PLAINTIFFS

6.   The City lacks sufficient information to admit or deny the allegations contained in paragraph six.

7.   The City denies the first sentence of paragraph seven. Further answering, the City states that in the time period 2002 – fall of 2004, the City hired 43 new firefighters. The City admits the remaining allegations in paragraph seven.

8.   The City denies that candidates were grouped and reached for selection "regardless" of that candidate's civil service exam score. The City admits that it considered one minority for every three non-minority candidate. The City admits the last sentence of paragraph eight.

9.   Paragraph nine contains a statement of law to which no response is necessary. To the extent that the allegations contained therein are deemed to be factual allegations requiring a response, the City denies the allegations contained therein.

10.  Denied.

11.  The City states that the allegations contained in paragraph eleven constitute a summary of facts and law as allegedly set forth in reported cases and requires no response as the cases cited speak for themselves.

12.  The City admits that by 2001, the complement of minority fire fighters exceeded the percentage of minority individuals residing in the City.

13.  Denied.

## COUNT I

14.  Denied.

JURY DEMAND

The City requests a trial by jury on all claims so triable.

AFFIRMATIVE DEFENSES

First Affirmative Defense

The complaint fails to state a claim upon which relief may be granted.

Second Affirmative Defense

Plaintiffs' claims are barred by the doctrine of laches.

Third Affirmative Defense

Because plaintiffs have suffered no injury, they lack standing and their complaint fails to state a case or controversy sufficient to give this Court jurisdiction to hear the complaint.

Fourth Affirmative Defense

The City defendants at all times acted in good faith upon reasonable belief that their actions were required and in compliance with all relevant laws, court orders, and circumstances.

Fifth Affirmative Defense

The City defendants' hiring process was in compliance with the applicable provisions of state and federal law, applicable court orders, and the requirements of the United States Constitution.

Sixth Affirmative Defense

The employment actions taken by the City defendants were motivated by legitimate, nondiscriminatory concerns and therefore the plaintiffs' claims should be dismissed.

Seventh Affirmative Defense

The employment actions taken by the City defendants were motivated, in part, by the compelling interest in remedying the vestiges of past discrimination and in providing the citizens of the City with a fire department that reflects the diversity of the community.

Eighth Affirmative Defense

The City defendants' actions were a narrowly tailored method of overcoming the vestiges of past discrimination and of providing the citizens of the City with a fire department that reflects the diversity of the community.

### Ninth Affirmative Defense

The City defendants' actions were based on reasonable, non-discriminatory criteria that took into account the legitimate business and operational needs of the fire department.

### Tenth Affirmative Defense

The City defendants' actions were a narrowly tailored method of overcoming the discriminatory impact of the entry-level civil service examination.

### Eleventh Affirmative Defense

The City defendants' actions were motivated, in part, by the compelling interest in correcting the discriminatory impact of the entry-level civil service examination.

### Twelfth Affirmative Defense

Plaintiffs' claims are barred by the Massachusetts Tort Claims Act, M.G.L. c. 258 § 1 et seq., as the City defendants were performing discretionary functions and duties or are otherwise entitled to immunity under the Act. Moreover, plaintiffs' claims are further subject to the liability limitations provided under the Act at M.G.L. c. 258 § 2.

### Thirteenth Affirmative Defense

The plaintiffs' legitimate expectations were not frustrated or encumbered by the City defendants' actions, as plaintiffs would not have been reached for consideration even had the City not performed the employment action challenged herein.

### Fourteenth Affirmative Defense

The plaintiffs' claims against the City defendants should be dismissed because the plaintiffs have failed to name a necessary party to this action, such that any relief ordered against

the City defendants would expose them to substantial risk of incurring multiple or inconsistent obligations by reasons of the claimed interest.

### Fifteenth Affirmative Interest

The plaintiffs' claims against the City defendants should be dismissed because the plaintiffs have failed to name a necessary party to this action, such that in that party's absence complete relief cannot be accorded among those already parties.

### Sixteenth Affirmative Defense

The plaintiffs' claims against David B. Cohen are barred by the doctrine of qualified immunity.

### Seventeenth Affirmative Defense

The City defendants expressly reserve the right to amend this answer to assert any additional defenses which may subsequently come to light through discovery or otherwise.

WHEREFORE, the City defendants request that this Court:

(1) Dismiss the plaintiffs' action and deny their prayers for relief with prejudice;

(2) award costs and attorneys' fees to the City defendants, and

(3) award such other relief as this court deems just and proper.

Respectfully submitted,

CITY OF NEWTON and
MAYOR DAVID B. COHEN

By their attorneys,

__/s/ Mary Jo Harris_____
Keith H. McCown, BBO#329980
Mary Jo Harris, BBO # 561484
Morgan, Brown & Joy, LLP
200 State Street
Boston, MA 02109-2605
(617) 523-6666

          __/s/ Donnalyn B. Lynch Kahn____
          Donnalyn B. Lynch Kahn, BBO#556609
          Assistant City Solicitor
          City Of Newton
          1000 Commonwealth Avenue
          Newton, Centre, MA 02459
          (617) 796-1240

**Certificate of Service**

    I hereby certify that a copy of the foregoing Answer to the Plaintiffs' Complaint was served upon Harold B. Lichten, Esq., Pyle, Rome, Lichten, Ehrenberg, & Liss-Riordan, P.C., 18 Tremont Street, Suite 500 Boston, MA 02111 and to Donnalyn B. Lynch Kahn, Esq., City of Newton, 1000 Commonwealth Ave., Newton Centre, MA 02459 by facsimile and first-class mail this 1st day of March 2005.

          _____/s/ Mary Jo Harris_____
          Mary Jo Harris