UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

_____
ERIC TRAVERS, MICHAEL BOUDREAU,         )
JOSEPH COLELLA, CLIFFORD ARPINO,        )
MICHAEL MARINI, and ROCCO MARINI,       )
                                        )
        Plaintiffs                      )   CIVIL ACTION NO. 04-12635-RWZ
                                        )
v.                                      )
                                        )
CITY OF NEWTON, MASSACHUSETTS           )
and DAVID B. COHEN, in his capacity as  )
Mayor of the City of Newton, Massachusetts; )
                                        )
        Defendants                      )
_____)

DEFENDANT CITY OF NEWTON'S MEMORANDUM OF LAW IN SUPPORT OF ITS
MOTION TO DISMISS PURSUANT TO RULE 12(b)(7) OR, IN THE ALTERNATIVE,
MOTION FOR AN ORDER OF JOINDER OF A NECESSARY PARTY

I.      INTRODUCTION

This memorandum supports the motion by defendant City of Newton (hereafter, "City") to dismiss the complaint for failing to join a necessary party, or in the alternative to order the joinder of that party, brought pursuant to Rule 12(b)(7) of the Federal Rules of Civil Procedure. The City contends that the Human Resources Division of the Commonwealth of Massachusetts is a necessary party to this action.

The plaintiffs, Caucasian candidates for firefighter positions with the City, allege that the City is improperly maintaining "affirmative action" hiring efforts beyond the scope of a federal court consent decree that required such efforts. The plaintiffs therefore contend that they were improperly not hired, or not considered for hire, on the basis of race.
To assure that the City is not exposed to multiple or inconsistent obligations in this matter, the Human Resources Division of the Commonwealth of Massachusetts (hereafter, "HRD") is a necessary party to this action. HRD creates and administers the civil service entry exam

(hereafter, "exam") by which candidates are identified and grouped for consideration by the City. The City's employment decisions are determined in large measure by the exam administered by HRD, and the composition of its workforce is also subject to the proper administration of the exam.

The consent decree at issue in this litigation required the Commonwealth years ago to create and administer a content validated examination, which, upon information and belief, the City suggests has never been accomplished. Also upon information and belief, the exam administered by HRD has an adverse impact upon minority candidates. If the plaintiffs are accorded the relief they seek in the Complaint -- hiring off the "straight" civil service list (i.e., a list created in strict rank order) -- the City will then be exposed to claims of discrimination by minority candidates disadvantaged by the exam.

HRD must be a party to this action to assure that any prospective relief that affects the designation of candidates on the civil service list does not expose the City to claims by minority candidates who may be adversely affected by the civil service exam. Therefore, the plaintiffs' complaint must be dismissed for failing to join a necessary party, or in the alternative, the Court should order the plaintiff to join HRD as a defendant.

II.     STATEMENT OF RELEVANT FACTS

The consent decree at issue in this case was approved by the United States District Court and affirmed by the First Circuit Court of Appeals. *See Boston Chapter, NAACP et a. v. Beecher et al.*, 371 F.Supp. 507 (D.Mass.1974), *affirmed* 504 F.2d 1017 (1st Cir.1974). Initially, two suits were filed, one against the Commonwealth (alleging discrimination in the policies of recruiting and the use of a discriminatory written exam) and the other against the municipalities in the Commonwealth that relied upon the civil service system (alleging, *inter alia*, discriminatory selection based on reliance on the Commonwealth's entry exams). Finding that

there was an identity of issues involved and relief sought, the court ordered the matters consolidated. *Beecher,* 371 F.Supp. 507, 508.

The *Beecher* court found that the exam created by the Massachusetts Division of Civil Service (the predecessor to HRD with respect for exam development and administration) had an adverse impact on the black and Spanish surnamed candidates who sat for the exam, and further found that there was not a "manifest relationship" between the exam and the job of firefighter. When an exam is shown to have a racially discriminatory impact, the burden is on the test creator to demonstrate that the exam is, in fact, "substantially related" to job performance by coming forward with "convincing facts" establishing a fit between the qualifications tested and the job itself. *Id.*, 371 F.Supp. 507 at 514. Civil Service failed to make this showing, and subsequently the court issued an injunction ordering Civil Service to "cease using written firefighter entrance examinations of the type administered [previously]…[any future exams] shall be demonstrably job-related and validated in accordance with the "Guidelines on Employment Selection Procedures" issued by the [EEOC] or otherwise shown to have no discriminatory impact." *Id.*

To the best of the City's knowledge, the HRD has never validated its entry level firefighter examination. In fact, a suit has recently been filed against another civil service municipality <u>and</u> HRD, alleging that the continued use of the non-validated exam constitutes discrimination against black candidates. *See Bradley et al. v. City of Lynn et al.,* (Complaint attached hereto as Exhibit 1.) In that action the minority candidate plaintiffs allege that the municipality's (mandatory) use of HRD's examination for the entry level position of firefighter is unlawful, since that test is itself unlawful. (Ex. 1).

III.     ARGUMENT

    A.     Standard of Review

Pursuant to Rule 19 (a)(1) and(2)(ii), a person who is subject to service of process and whose joinder will not deprive the court of jurisdiction

> … shall be joined as a party to the action if (1) in the person's absence complete relief cannot be accorded among those already parties, or (2) the person claims an interest relating to the subject of the action and is so situated that the disposition of the action in the person's absence may … (ii) leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of the claimed interest.

Fed.R.Civ.P. Rule 19.

The Supreme Court has outlined four factors to consider when deciding a compulsory joinder motion:

> First, the plaintiff has an interest in having a forum. … Second, the defendant may properly wish to avoid multiple litigation, or inconsistent relief, or sole responsibility for a liability he shares with another. … Third, there is the interest of the outsider whom it would have been desirable to join. … Fourth, there remains the interest of the courts and the public in complete, consistent, and efficient settlement of controversies.

*Provident Tradesmens Bank & Trust Company v. Patterson*, 390 U.S. 102, 88 S.Ct. 733, 738-739, 19 L.Ed.2d 936 (1968).

Even where a party may not be "indispensable" pursuant to Rule 19(b), the party "should still be joined ... 'if feasible' under Rule 19(a)(2) where joinder would not deprive the court of jurisdiction under the subject matter. … Rule 19 indeed aims to achieve judicial economies of scale by resolving related issues in a single lawsuit … [and] seeks to involve as many apparently concerned persons as is compatible with efficiency and due process." *Parikh v. Franklin Medical Center, Inc.*, 163 F.R.D. 167, 169 (D.Mass.1995) (citations omitted).

    B.    <u>Joinder Of HRD As A Defendant Is Consistent With The Philosophy Behind Rule 19 And Is Appropriate In This Case</u>

Joinder of HRD would not eliminate the jurisdiction of the court in this case, nor would it adversely affect the plaintiffs in any respect. It would not expand the scope of this litigation in any way, since one of the City's defenses to this complaint is that through its adherence to the *Beecher* decree it has taken necessary steps to ameliorate the adverse impact of the hiring exam and thus avoid being subject to a lawsuit by injured minority applicants (such as that recently filed against the City of Lynn).

The inclusion of HRD as a party to this action is consistent with issues of judicial economies, since as a practical matter, HRD creates the list from which the City hires its firefighters. Any relief that orders the City to revamp its hiring process will require the cooperation of HRD and can be most readily effected by HRD's presence in this case (assuming that the court should issue an order changing the hiring procedures).

More importantly, the inclusion of HRD provides the City with an opportunity to clarify its rights and obligations as to all future firefighter candidates. The City would be directly exposed to a risk of future litigation by any order requiring the City to hire from a list created via an exam with an adverse impact on minority candidates. Piecemeal resolution of these important issues will tax the economies of the court and the parties, and most significantly will frustrate the legitimate expectations of those seeking public employment.

The City's motion satisfies *Provident Tradesmens* four-part test:(1) The plaintiff's choice of forum is unaffected. (2) The City properly wishes to avoid the imposition of relief that would expose it to multiple litigation. (3) HRD, being intimately involved in the civil service hiring process, has interests intertwined in this litigation (as the federal court recognized in 1974 when it ordered the consolidation of the cases against the municipalities and the Commonwealth.), (4) The public interest is most completely, consistently and efficiently satisfied by a full resolution of all aspects of this controversy.

IV.     CONCLUSION

For the reasons stated herein, the City requests that the court dismiss the plaintiffs' complaint for failure to join a necessary party, or in the alternative order the Human Resources Division of the Commonwealth joined as a party defendant to this action.

                                         Respectfully submitted,

                                         CITY OF NEWTON and
                                         MAYOR DAVID B. COHEN

>By their attorneys,
>
>___/s/ Mary Jo Harris_____
>Keith H. McCown, BBO#329980
>Mary Jo Harris, BBO # 561484
>Morgan, Brown & Joy, LLP
>200 State Street
>Boston, MA 02109-2605
>(617) 523-6666

Dated: March 1, 2005

## Certificate of Service

I hereby certify that a copy of the foregoing Memorandum of Law In Support of Defendants' Motion to Dismiss the Plaintiffs' Complaint for Failing to Join a Necessary Party or in the Alternative, Motion to Join a Necessary Party was served upon Harold B. Lichten, Esq., Pyle, Rome, Lichten, Ehrenberg, & Liss-Riordan, P.C., 18 Tremont Street, Suite 500 Boston, MA 02111 and to Donnalyn B. Lynch Kahn, Esq., City of Newton, 1000 Commonwealth Ave., Newton Centre, MA 02459 by facsimile and first-class mail this 1st day of March 2005.

>_____/s/ Mary Jo Harris_____
>
>Mary Jo Harris

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS



| | |
|---|---|
| JACOB BRADLEY, NOAH BRADLEY, KEITH RIDLEY, and JARED THOMAS, individually and on behalf of a class of similarly situated individuals, Plaintiffs, | |
| V. | Civil Action No. |
| CITY OF LYNN; EDWARD J. CLANCY, JR., in his capacity as Mayor of the City of Lynn; the COMMONWEALTH OF MASSACHUSETTS, DIVISION OF HUMAN RESOURCES; and RUTH BRAMSON, in her capacity as Personnel Administrator of the Division of Human Resources of the Commonwealth of Massachusetts, Defendants. | |

**COMPLAINT, PRELIMINARY AND PERMANENT INJUNCTIVE
RELIEF REQUESTED**

I.  INTRODUCTION.

1.  This is an action brought under state and federal law, challenging the entry-level firefighter examination for the position of firefighter in the City of Lynn conducted by the Commonwealth of Massachusetts. As set forth below, the defendants' conduct in hiring candidates from this examination, based upon a rank ordering system which utilizes scores as the primary criteria, results in a significantly disparate impact upon minority candidates, and cannot be demonstrated to be required by business necessity under state or federal law. Hence, the exam as utilized is unlawful. The plaintiffs, and the class they represent, seek preliminary and permanent injunctive relief barring the use of the entrance level firefighter examination in the City of

Lynn, to the extent such examination is utilized to select candidates based upon a rank ordering system.

II.  **JURISDICTION.**

2.  The jurisdiction of this court is invoked pursuant to 28 U.S.C. §§ 1331 and 1343. This case arises under the laws of the United States of America, and plaintiffs invoke the Doctrine of Pendent Jurisdiction over their state claims.

III.  **PARTIES.**

3.  Plaintiffs Jacob Bradley, Noah Bradley, Keith Ridley, and Jared Thomas are adult residents of the City of Lynn, Massachusetts. They are African American and they each have all of the qualifications to be a Lynn firefighter.

4.  The plaintiffs bring this action on behalf of themselves and a group of minority candidates similarly situated. That group of candidates, similarly situated, are minority individuals who meet the basic eligibility requirements to be a Lynn firefighter, have taken the entrance level firefighter examination to be firefighters for the City of Lynn, and who have not been selected. The class meets all of the requirements of Rule 23 of the Federal Rules of Civil Procedure.

5.  The defendant City of Lynn is a duly incorporated municipality of the Commonwealth of Massachusetts. The City maintains a fire department.

6.  The defendant Edward J. Clancy, Jr. is the Mayor of the City of Lynn, Massachusetts, and has the overall responsibility for the administrative functions for the City of Lynn, including the Lynn Fire Department.

7.  The defendant Commonwealth of Massachusetts, maintains an agency, the Human Resources Division, which has overall responsibility for establishing

2

entrance-level firefighter and police examinations for Massachusetts' municipalities that are subject to the civil service law, M.G.L. ch. 31, and establishing lists for entry-level hiring based thereon.

8.   The defendant Ruth Bramson is the Administrator of the Human Resources Division, and in that capacity is responsible for the overall conduct of the affairs of the Human Resources Division.

IV.   FACTS.

   A.   Hiring For The Lynn Fire Department.

9.   At all times relevant hereto, the City of Lynn has been subject to the civil service law, M.G.L. ch.31. Pursuant to the civil service law, entry-level hiring for all firefighters in the City of Lynn is conducted through an examination and ranking process conducted by the defendant Human Resources Division of the Commonwealth of Massachusetts.

10.   Pursuant to such system, candidates for the position of firefighter, who meet certain minimum qualifications, including residency within the City of Lynn, apply for and take a written examination established by the Human Resources Division, and their scores on such examination are recorded. Based upon their scores on such written examination, candidates are then rank ordered on said civil service list for firefighter in the City of Lynn based upon such written scores. Certain categories of candidates, such as candidates who are veterans or who are the children of police or firefighters who died in the line of duty, are given an absolute preference over all other candidates, and these individuals are rank ordered on the civil service list within their categories based upon their scores on the written examination.

3

11. When vacancies are to be filled in the Lynn Fire Department, candidates are chosen for selection based exclusively upon their ranking on such civil service list. They then must go on to complete a physical agility test, background investigation, and medical exam.

B. <u>The Examination Utilized By Defendant Division of Human Resources Has An Overwhelming Disparate Impact On Minority Candidates</u>.

12. Generally, the Human Resources Division ("HRD") administers entry-level firefighter examinations for towns and cities in the Commonwealth of Massachusetts covered by the civil service law, every two years. The Commonwealth, HRD, keeps records on the scores received by Caucasian and minority candidates [minorities being defined as Spanish surname or black]. Over the course of the last several entrance level examinations administered by HRD, the Commonwealth has used a cutoff score of 70, meaning that any score below 70 constitutes a failure prohibiting the individual from being considered in the hiring process.

13. Both in the City of Lynn and elsewhere in the Commonwealth of Massachusetts, the HRD entry-level firefighter examination has a significant disparate impact on minority candidates, in that statistically minority candidates fare far worse on the examination than do Caucasian candidates. The impact is so significant, that in many communities, few, if any, minorities get hired based upon a rank ordering of their scores on the civil service examination.

C. <u>Facts Relating To Plaintiffs</u>.

14. In or about November of 2001, Plaintiffs Jacob Bradley, Noah Bradley, and Keith Ridley, all of whom are African-American, took the entrance level examination administered by HRD for the position of firefighter in the City of Lynn. Each plaintiff was

4

well qualified for such position and had a lifelong goal to become a firefighter in the City of Lynn. Plaintiffs Jacob Bradley and Noah Bradley are the sons of a Lynn firefighter, and plaintiff Keith Ridley is the nephew of a Lynn firefighter and a Peabody firefighter.

15. Plaintiff Jacob Bradley received a score of approximately 94 on the 2001 civil service examination, a score which demonstrates that he is fully qualified for the position of firefighter. Plaintiff Noah Bradley received a score of 84, a score demonstrating he is qualified to be a Lynn firefighter. Plaintiff Keith Ridley scored in the low-to-mid 90s, demonstrating that he is qualified to be a Lynn firefighter.

16. In or about April of 2002, HRD created a "Civil Service" rank ordered list resulting from the November 2001 examination. That list remained in effect through at least November of 2004. Approximately 20 firefighters were hired from that list. None of the firefighters hired were minorities, and plaintiffs Jacob Bradley, Noah Bradley, and Keith Ridley were not reached for consideration based solely on their civil service scores. The last hiring from that list occurred in October of 2004.

17. Each plaintiff has taken the November 2004 HRD civil service examination for the position of firefighter in the City of Lynn. Plaintiff Jacob Bradley received a score of 94; plaintiff Noah Bradley received a score under 70; plaintiff Keith Ridley received a score of 90; and plaintiff Jared Thomas received a score of 92.

18. On information and belief, the City of Lynn will be hiring approximately 16 firefighters in the Spring of 2005, based upon candidates' ranking on the civil service examination. Should the City of Lynn hire from a rank ordered list created by the HRD based on exam score, which has been the City's practice, none of the plaintiffs will be reached for consideration due to their scores on the civil service examination.

5

D. <u>The City Of Lynn's History Of Hiring Minority Firefighters</u>.

19. From 1974 until in or about January 1986, the City of Lynn was subject to a consent decree entered in the case of <u>Boston Chapter, NAACP, Inc. v. Beecher, et al</u>, 371 F. Supp. 507 (D. Mass. 1974) (Civ. Act. Nos. 72-3060-F and 73-269-F), requiring the City of Lynn and other cities in Massachusetts to hire minority firefighters in a ratio of one minority for every three Caucasians hired. The City of Lynn was subject to such consent decree by reason of a finding by the Federal District Court that the entry-level police and fire written civil service examination utilized by the Commonwealth of Massachusetts had a disparate impact on minorities and was not validly determined to be job-related.

20. In or about January 1986, the City of Lynn petitioned the defendant Human Resources Division for permission to be relieved of complying with the <u>Beecher</u> decree, and defendant HRD granted this request.

21. Since that time, the City of Lynn has hired firefighters based strictly upon civil service score and the statutory preferences described above. Over the course of the last ten years, of the some forty (40) or more firefighters hired in the City of Lynn (other than paramedics), fewer than eight (8) have been minorities. Of the 179 firefighters currently employed by the City of Lynn, only fifteen (15) are minorities.

22. Currently, approximately 40% of the population of the City of Lynn is minority.

23. The use of the HRD written examination for the entry-level position of firefighter, including its use as a rank ordering system, has resulted in a significant

disparate impact adversely affecting minority candidates for the position of firefighter in the City of Lynn.

24. The HRD examination, particularly when utilized as a rank ordering system (as opposed to a pass/fail qualifying examination), has a significant disparate impact on minority candidates generally, and cannot be shown to be a valid business necessity under the standards developed by federal EEOC and state MCAD law.

25. Without the grant of preliminary injunctive relief, the City of Lynn will continue to hire entry-firefighters based upon a civil service level examination that is unlawful.

E.  Exhaustion of Administrative Remedies

26. Pursuant to state and federal requirements, Plaintiffs are filing their discrimination claims at the Massachusetts Commission Against Discrimination ("MCAD") and the Equal Employment Opportunity Commission ("EEOC").[1]

COUNT I

(Title VII of the Civil Rights Act of 1964)

The actions of the defendants as set forth above constitute a violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000(e).

---

[1] As set forth in this Complaint, Plaintiffs are requesting preliminary injunctive relief due to the imminent potential harm facing Plaintiffs based on the City's intention to hire a number of firefighters based on the scores of the November 2004 civil service examination. Thus, Plaintiffs are including their discrimination claims immediately in this Complaint as the basis for the preliminary injunctive relief they are requesting. Upon receiving right-to-sue letters from the MCAD and EEOC, with whom they are filing their administrative complaints today, they will amend this Complaint to state that they have received these letters.

7

COUNT II

(Equal Protection)

The conduct of the defendants as set forth above constitutes a violation of the equal protection clause of Fourteenth Amendment to the United States Constitution.

COUNT III

(42 U.S.C. §1981)

The actions of the defendants as set forth above constitute a violation of 42 U.S.C. §1981.

COUNT IV

(Chapter 151B)

The actions of the defendants as set forth above constitute a violation of M.G.L. ch.151B, Section 4.

COUNT V

(M.G.L. ch.93, §103)

The actions of the defendants as set forth above constitute a violation of M.G.L. ch. 93, §103, and the equal protection clause of the Massachusetts Declaration of Rights.

## COUNT VI

### (Enforcement and/or Clarification of Consent Decree)

The actions of the defendants as set forth above violate the consent decree issued in the case of <u>Boston Chapter, NAACP, Inc. v. Beecher, et al</u>, 371 F. Supp. 507 (D. Mass. 1974) (Civ. Act. Nos. 72-3060-F and 73-269-F).

WHEREFORE, the plaintiffs pray this Court to grant them preliminary and permanent injunctive relief (1) holding that the examination system used by the defendants is unlawful; (2) ordering that the plaintiffs and appropriate class members be hired as firefighters for the City of Lynn, Massachusetts, with retroactive back pay, seniority, and other damages to which they are entitled; (3) ordering that the defendants be required to devise a hiring system that does not have disparate impact on minorities; and (4) granting other further and appropriate relief to the plaintiffs and the class they represent.

Respectfully submitted,

JACOB BRADLEY, NOAH BRADLEY, KEITH RIDLEY, and JARED THOMAS, individually and on behalf of a class of similarly situated individuals,

Dated: February 2, 2005

Harold L. Lichten, BBO #549689
Shannon Liss-Riordan, BBO# 640716
Alfred Gordon, BBO #630456
Pyle, Rome, Lichten, Ehrenberg &
    Liss-Riordan, P.C.
18 Tremont St., Ste. 500
Boston, MA 02108
(617) 367-7200