UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ERIC TRAVERS, MICHAEL BOUDREAU, ) <br> JOSEPH COLELLA, CLIFFORD ARPINO, ) <br> MICHAEL MARINI, and ROCCO MARINI, ) <br> ) <br> Plaintiffs ) <br> ) <br> v. ) <br> ) <br> CITY OF NEWTON, MASSACHUSETTS ) <br> and DAVID B. COHEN, in his capacity as ) <br> Mayor of the City of Newton, Massachusetts; ) <br> ) <br> Defendants ) <br> ) | CIVIL ACTION NO. 04-12635-RWZ |

DEFENDANT CITY OF NEWTON'S REPLY BRIEF

Defendant City of Newton[1] ("Defendant" or "the City") sets forth this concise reply brief in order to clarify and/or further elucidate matters that were raised in Plaintiffs' opposition to the City's Motion to Dismiss/Join Necessary Parties. This memorandum, couple with the argument set forth in Defendant's initial memo, support that the Court should grant the City's pending motion.

1. <u>The Human Resources Division Should Be Joined In This Action Pursuant To Both Rule 19(a) and Rule 19(b) Of The Federal Rules Of Civil Procedure</u>

Although Plaintiffs contend that the City argues the wrong standard under Rule 19 for consideration of adding a necessary party, Plaintiffs are incorrect. The City cited the standards of <u>both</u> Rule 19(a) and Rule 19 (b) in its Memorandum of Law, because the Commonwealth of Massachusetts Human Resources Division ("HRD") is a necessary party under both sections of the Rule. "The considerations of Rule 19(a)(ii) overlap with Rule 19(b), particularly the statement in the latter provision requiring the court to

---

[1] Mayor David B. Cohen is sued in his official capacity (Complaint, ¶5). The City's Answer, Motion to Dismiss or Joinder and this Reply are filed on behalf of both City defendants.

consider the extent to which a judgment rendered in a person's absence may be prejudicial to that person or those already parties."  WRIGHT, MILLER& KANE, FEDERAL PRACTICE AND PROCEDURE:  Civil 3d §1604 at p. 62.

The philosophy behind Fed.R.Civ.P. Rule 19 is to " 'entertain[] the broadest possible scope of action, content with fairness to parties; joinder of claims, parties and remedies is strongly encouraged.'  Thus, the rule should be employed to promote the full adjudication of disputes with a minimum of litigation effort."  Id., at §1601 (2001) (citing *United Mine Workers of America v. Gibbs*, 86 S.Ct. 1130, 1138, 383 U.S. 715, 724, 16 L.Ed.2d 218 (1966)).

Consistent with this philosophy, the Human Resources Division of the Commonwealth should be joined to this action so that all claims arising out of the exam administration and civil service selection process can be adjudicated in one action.

2.  The Human Resources Division Has Been A Party To Most Consent Degree Litigation Brought In This District And Circuit

Although plaintiffs point out that HRD was not made a party to the action in *Quinn et al. v. City of Boston et al.,* 325 F.3d 18 (1st Cir. 2003), that argument overlooks the fact that HRD was, and is, a party to the original suit which gave rise to the consent decree at issue in this litigation.  *See Boston Chapter, NAACP et al. v. Beecher et al.,* 371 F.Supp. 507 (D.Mass. 1974), *affirmed* 504 F.2d 1017 (1st Cir. 1974).  The plaintiffs also fail to inform the court that HRD was a party in several other cases brought to challenge the administration of the affirmative action consent decrees.  *See Mackin v. City of Boston et al.,* 969 F.2d 1273 (1st Cir. 1992) (challenge to fire department consent decree); *Donahue v. City of Boston et al.*, 183 F.Supp.2d 202 (D.Mass.2001) *aff'd in part, reversed and remanded in part;* 304 F.2d 110 (1st Cir. 2002) (entry level consent decree);

2

*Cotter v. City of Boston et al.,* 323 F.3d 160 (1st Cir. 2003), *certiorari denied* 540 U.S. 825, 124 S.Ct. 179, 157 L.Ed.2d 47 (2003) (promotions consent decree)[2].

In each of these cases, the necessity of the consent decrees as a remedial measure to correct the otherwise disparate impact of the non-validated civil service exam was at issue – as it shall be in the instant case. The interest of judicial economy favors resolution of all potential claims and defenses, stemming from the same circumstances, in one action.

3. <u>Plaintiffs' Suggestion That The City Can Use Race Based Hiring Ignores The Civil Service Requirements That They Seek To Reinstate</u>

Plaintiffs suggest to the court that the City could use race based hiring such as that reflected in the Supreme Court's decision in *Grutter v. Bollinger*, 539 U.S. 306 (2003) (allowing the University of Michigan to use race as one factor among many in a highly subjective selection process when choosing candidates for its law school). That argument fails to acknowledge that, unlike the subjective assessment of candidates at issue in *Grutter*, plaintiffs seek to have the City hire off the rank specific civil service list – a process designed by statute to remove subjectivity from the selection process. Because the two selection systems are wholly different and the City for myriad reasons is not free in its discretion to hire apart from certified Civil Service lists, *Grutter* provides no potential remedy for the constitutional injuries that may flow should the City be ordered to hire from a state created list that has a disparate impact on minority candidates.

---

[2] While plaintiffs note that HRD was not a party to the *Quinn* case, the City notes that plaintiffs' counsel, who were also counsel in *Quinn*, brought an action against the City of Lynn and HRD on behalf of disappointed black candidates after Lynn's post-consent decree hiring resulted in almost exclusively white hiring. Indeed, subsequent to the *Quinn* decision, the Boston Fire Department has since graduated two all-white classes, *see* attachment A hereto (Boston Globe article dated March 19, 2005). Thus, it is foreseeable that the Boston Fire Department will find itself defending against its use of the state exam, and embroiled in the type of related litigation that the City of Newton wishes to resolve in one action, instead of two.

3

                                            Respectfully submitted,
                                            Defendant City of Newton
                                            And Mayor David B. Cohen
                                            By their attorneys,


                                            __/s/ Mary Jo Harris_____
                                            Mary Jo Harris, BBO # 561484
                                            Morgan, Brown & Joy, LLP
                                            200 State Street
                                            Boston, MA 02109-2605
Dated:                                       (617) 523-6666

**<u>Certificate of Service</u>**

  I hereby certify that a copy of the foregoing Answer to the Plaintiffs' Complaint was served upon Harold B. Lichten, Esq., Pyle, Rome, Lichten, Ehrenberg, & Liss-Riordan, P.C., 18 Tremont Street, Suite 500 Boston, MA 02111 and to Donnalyn B. Lynch Kahn, Esq., City of Newton, 1000 Commonwealth Ave., Newton Centre, MA 02459 by facsimile and first-class mail this 25th March, 2005.

                _____/s/ Mary Jo Harris_____
                   Mary Jo Harris

Case 1:04-cv-12635-RWZ   Document 13-2   Filed 03/25/2005   Page 1 of 1



THIS STORY HAS BEEN FORMATTED FOR EASY PRINTING

The Boston Globe

# FOR SECOND YEAR, BOSTON SWEARS IN ALL-WHITE FIREFIGHTER CLASS

**Author(s):** SUZANNE SMALLEY **Date:** March 19, 2005 **Page:** B1 **Section:** Metro/Region

Twenty-four new Boston firefighters were sworn in yesterday at Florian Hall in Dorchester. The Fire Academy graduates, including one who is 51 and four in their 40s, are the second all-white class in two years.

Last year, nine white firefighters graduated, officials said. Both classes were party to a 2003 federal appeals court ruling, which said that the Fire Department had achieved racial balance and must abandon its affirmative- action hiring policy. Mayor Thomas M. Menino and Fire Commissioner Paul Christian spoke at yesterday's ceremony, congratulating the graduates and their families. Both stressed that all recruits passed the department's rigorous training.

"Fires today are more dangerous, believe it or not, than they were 40 years ago," Christian said. "We train for this. . . . That's no small accomplishment."

Six firefighters from Weymouth, two from Chelsea, and two from Scituate also graduated and were honored at the ceremony.

In an interview, Christian said he will not let the court's decision prevent the Fire Department from maintaining diversity. "The Boston Fire Department is going to recruit all across the city," he said. "We're going to take every step to make sure the makeup of the department reflects the city we serve."

**Perform a new search**