UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 04-12635-RWZ

ERIC TRAVERS, et al.
    Plaintiffs,

v.

CITY OF NEWTON, Massachusetts, et al.,
    Defendants,

### INTERIM ORDER REGARDING INSTATEMENT

Pursuant to the Joint Motion of the parties in the above-entitled action, it is hereby ordered as follows:

1. Beginning effective with the date of this Order, the seven named Plaintiffs herein (Clifford Arpino, Eric Travers, Michael Boudreau, Joseph Colella, Michael Marini, Rocco Marini, and Brice Adams) ("Plaintiffs"), who are not currently employed as City of Newton ("City") firefighters, will be considered for hire by the City in the next firefighter class to take place after the date of this Order.

2. The City of Newton will formally request that the Commonwealth Human Resources Division release it from the terms of the Castro v. Beecher decree.

3. The Commonwealth Human Resources Division shall take whatever action is necessary to effectuate the hiring of the Plaintiffs, including placing their names on the top of the next regular certification list it issues to the City of Newton for firefighter candidates.

4. Instatement eligibility for these Plaintiffs shall be contingent upon each Plaintiffs' satisfaction of the requirements applicable to all candidate firefighters, specifically:

(a) passing the Departmental medical and psychological examinations; (b) passing a background check and drug test; (c) passing the Departmental physical agility test; (d) compliance with the City's residency requirement, if any; (e) successful completion of academy training, (f) possess a valid Massachusetts driver's license, and (g) be in compliance with G.L. c. 41 § 101A ("no smoking" provision). Age shall not be considered in determining the Plaintiffs' eligibility for firefighter positions. The City shall begin the instatement process as soon as reasonably possible after issuance of this Order. Once a Plaintiff has met the eligibility requirements for instatement, he shall be hired by the City.

5. For retirement purposes, each Plaintiff who successfully meets the eligibility requirements for instatement and accepts an offer of employment as a firefighter shall be deemed to have begun his employment as a City of Newton firefighter on the date he would have been hired had he been appointed with the successful candidates in the October 2004 class of new firefighters.[1] The City will also make pension contributions for each of the Plaintiffs in amounts that the City would have made had the Plaintiffs been hired in October 2004, subject to the Plaintiffs making any required contributions. Should the Newton Retirement Board and/or the Public Employees' Retirement Administration Commission ("PERAC") refuse to credit any plaintiff who has made contributions to the pension system with the hire start date of October 2004, the plaintiff(s) shall hold Newton harmless, so long as Newton has met its obligation to make the contributions referenced herein. In such circumstances, any right of redress will be against the Retirement Board and/or PERAC only.

6. Notwithstanding any local ordinance or collective bargaining agreement to the contrary, each Plaintiff who qualifies for instatement and accepts an offer of employment as a firefighter shall be paid at the step level that he would have achieved, in the normal course of employment, had he then been hired, along with a commensurate "bank" of personal time, sick time and vacation days. Any benefits

---

[1] For purposes of promotion, however, the Plaintiffs shall be deemed to have begun employment as a City of Newton firefighters on their *actual* date of hire, as pursuant to this Order.

granted pursuant to this Order impacting on the rights of other firefighters shall be subject to agreement by the Union representing Newton firefighters. If the Union does not agree to any such provision, they shall not be enforceable against Newton and no other obligation will be imposed upon the City of Newton in place of any such provision.

7. Any Plaintiff who is eligible for appointment as a firefighter under the terms of paragraph 3 of this Order and is offered employment, who has suffered an economic loss as a result of having been passed over for appointment, will be compensated for the difference between what he would have earned as a firefighter, including lost overtime and detail opportunities, and what he has in fact earned during the time period between October 2004 and the date that he enters service as a Newton firefighter or, should he decline the offer of employment, the date that he would have entered service as a Newton firefighter. Any Plaintiffs who in fact enter service as Newton firefighters will also be compensated for any missed future overtime and detail opportunities until such time as they become eligible to work such overtime and details.

8. The City will pay to the Plaintiffs the reasonable attorney's fees and costs they incurred in this matter.

9. This Order is not intended to establish a precedent with respect to any other person who believes s/he was passed over for employment as a firefighter by the City of Newton as a result of the City's enforcement of the so-called <u>Beecher</u> decree, who is not a named plaintiff herein, nor for any other employment related matter involving any Department within the City of Newton.

DATED: 12/1/05

Hon. Rya W. Zobel
United States District Court